**GREENBERG TRAURIG, LLP**
Tyler R. Andrews (SBN 250686)
 andrewst@gtlaw.com
Colin W. Fraser (SBN 266867)
 frasercw@gtlaw.com
Robin S. Gray (SBN 316544)
 grayr@gtlaw.com
3161 Michelson Drive, Suite 1000
Irvine, CA  92612-4410
Telephone:  (949) 732-6500
Facsimile:   (949) 732-6501

Attorneys for Plaintiffs
BRETT DANIELS and
BRETT DANIELS PRODUCTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT DANIELS, an individual; and BRETT DANIELS PRODUCTIONS, INC., a Wisconsin corporation,<br><br>         Petitioners,<br><br>v.<br><br>SIMON PAINTER, an individual; TIMOTHY LAWSON, an individual; INTERNATIONAL SPECIAL ATTRACTIONS, LTD., a Colorado corporation; TML ENTERPRISES, PTY, LTD., an Australian corporation; ASIA LIVE NETWORK, PTE, LTD., a Singaporean corporation; and THE WORKS ENTERTAINMENT, INC., a Nevada corporation, MAGICSPACE ENTERTAINMENT, INC., a Utah corporation,<br><br>         Respondents. | CASE NO. 2:16-cv-03782-RSWL-Ex<br><br>[*Assigned to Hon. Ronald S.W. Lew*]<br><br>**PETITIONERS BRETT DANIELS AND BRETT DANIELS PRODUCTIONS, INC'S NOTICE OF APPLICATION AND APPLICATION FOR AN ORDER TO CONFIRM FINAL ARBITRATION AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Filed concurrently with Declaration of Tyler R. Andrews; [Proposed] Order; and [Proposed] Judgment*]<br><br>Date:      May 29, 2018<br>Time:      10:00 a.m.<br>Courtroom: TBD |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 29, 2018, at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, Petitioners Brett Daniels and Brett Daniels Productions, Inc. (collectively "Daniels") will and hereby do apply for an ORDER confirming the Final Award rendered on March 19, 2018, as modified on April 17, 2018 (the "Final Award"), by Arbitrator Robert C. O'Brien of the International Centre for Dispute Resolution (the "ICDR") which resolved Case No. 01-15-0005-6700 in all respects and a JUDGMENT requiring the Painter Parties, jointly and severally, to pay Daniels in the amount of $2,607,287.40 in damages and post-Award interest at a rate of 10% per year commencing on May 17, 2018 (30 days after issuance of the Final Award) in conformity with the Final Award.

This Application is brought pursuant to Section 9 of the Federal Arbitration Act (9 U.S.C. § 9) and Rule 52(c) of the American Arbitration Association Commercial Arbitration Rules. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 9 U.S.C. § 9 and 28 U.S.C. § 1391(b)(2) because this is the judicial district in which the Final Award was made. This Application is based on this Notice and the accompanying Memorandum of Points and Authorities, the Declaration of Tyler R. Andrews, the papers on file in this case, and upon such other matters as may be presented to the Court at the time of the hearing.

DATED: May 1, 2018          GREENBERG TRAURIG, LLP

By */s/ Tyler R. Andrews*
Tyler R. Andrews
Colin W. Fraser
Robin S. Gray
Attorneys for Plaintiffs
BRETT DANIELS and
BRETT DANIELS PRODUCTIONS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

Petitioners Brett Daniels and Brett Daniels Productions, Inc. (collectively, "Daniels") respectfully submit the following Points and Authorities in support of their *Application for an Order to Confirm Final Arbitration Award.*  Daniels seeks to confirm the final arbitration award of International Centre of Dispute Resolution ("ICDR") Case No. 01-15-004-6700 (the "Arbitration") dated March 19, 2018, as modified on April 17, 2018 (the "Final Award").  The Final Award resolved in all respects the Arbitration between Claimants and Counterclaim-Respondents Simon Painter, Timothy Lawson, TML Enterprises, Pty, Ltd., Asia Live Network, Pte, Ltd., International Special Attractions, Ltd., The Works Entertainment, Inc., and MagicSpace Entertainment, Inc. (collectively, the "Painter Parties") and the Respondents and Counterclaimants Brett Daniels and Brett Daniels Productions, Inc (collectively, "Daniels").

## I.   JURISDICTION AND VENUE

This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Petitioners are domiciled in Wisconsin and none of the Respondents are domiciled in Wisconsin.  The amount in controversy in this action is measured by the $2,607,287.40 in damages awarded by the terms of the Final Award.  *Theis Research, Inc. v. Brown & Bain,* 400 F.3d 659, 661 (9th Cir. 2005); *see also* Declaration of Tyler Andrews ("Andrews Decl."), ¶ 3, Ex. A.

Venue is proper in the United States District Court for the Central District of California pursuant to 9 U.S.C. § 9 and 28 U.S.C. §1391(b)(2) because this is the judicial district in which the Final Award was rendered.  (Andrews Decl., ¶ 2, Ex. A).

## II.   STATEMENT OF FACTS

This case concerns a long running dispute between Daniels and the Painter Parties regarding the live stage show *The Illusionists*.  Daniels initiated the dispute on November 9, 2015, by filing suit in the Eastern District of Wisconsin.  On May 27, 2016, the Eastern District of Wisconsin transferred the case to this Court.  (ECF No. 48).  On September

16, 2016, this Court granted the Painter Parties' Motion to Compel Arbitration and stayed the case pending final arbitration of all claims. (ECF No. 67).

As ordered by the Court, the parties arbitrated their claims in Los Angeles, California. The arbitration proceeded under the American Arbitration Association ("AAA") Commercial Rules, and was presided over by duly selected Arbitrator Robert C. O'Brien. (Andrews Decl., ¶ 2). The merits hearing was held from November 13-17, 2018, and closing arguments were presented to the Arbitrator on December 14, 2018, with full pre- and post-hearing briefing submitted by the parties. (*Id.*)

On March 19, 2018, the Arbitrator timely rendered the Final Award "in favor of Daniels and against the Painter Parties." (Andrews Decl., ¶ 3, Ex. A at 44:20). On April 17, 2018, the Arbitrator modified the Final Award to fix a clerical omission and to clarify that MagicSpace Entertainment, Inc. was included among the "Painter Parties" and was jointly and severally liable under the Final Award. (*Id.*, ¶ 4, Ex. B). The Final Award "orders that the Painter Parties' breach of the Creator Agreement entitles Daniels to a total monetary award of $2,607,287.40," and "finds that Daniels is entitled to post-judgment interest at a rate of 10% per year, commencing thirty (30) days after issuance of this award." (*Id.*, ¶ 5, Ex. A at 44:21-24). The Final Award "further orders that [t]he Painter parties are jointly and severally liable for all damages set forth herein." (*Id.* at 44:27).

The AAA has served the Final Award on Daniels and the Painter Parties. On April 19, 2018 (the deadline for payment under the Final Award), Daniels wrote to Painter Parties' counsel requesting payment and providing corresponding wire instructions. (Andrews Decl., ¶ 6). To date, the Painter Parties have not responded and no funds have been received. (*Id.*)

//

//

### III.  ARGUMENT

**A.    Confirmation of the Final Award is Mandatory under the Federal Arbitration Act.**

The Court has authority to confirm the Final Award under Section 9 of the Federal Arbitration Act ("FAA") and Rule 52(c) of the AAA Commercial Arbitration Rules pursuant to the agreement of the parties.  Section 9 of the FAA provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (emphasis added).  Rule 52(c) of the AAA Commercial Arbitration Rules provides that "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."

Here, this Court has already held that Daniels and the Painter Parties agreed to arbitrate this dispute.  (ECF No. 67 at 8:28-9:1, 18:5-7, finding "the parties created a valid arbitration clause" and "all claims in the FAC are subject to the broad arbitration clause in the Performance Agreements.").  That arbitration clause provides that "[t]he prevailing party shall be able to obtain and enforce the arbitration award in any court of competent jurisdiction in the United States." (ECF No. 58-4 at 17 of 96).  Further, the Painter Parties here each consented to the determination of all claims through Arbitration, and to the Arbitrator's authority to enter the Final Award.  As a result, the Court is required to confirm and enter judgment in conformity with the Final Award.  *See P & P Industries, Inc. v. Sutter Corp.*, 179 F.3d 861, 866-67 (10th Cir. 1999) (holding consent to arbitration before the AAA provides consent to be bound by the procedural rules of the AAA, including the rule allowing judgment upon the arbitration award to be made in federal court).

//

## IV.   CONCLUSION

For the foregoing reasons, Daniels respectfully requests that the Court (i) issue an order confirming the Final Award in all respects, in the form of the [Proposed] Order filed herewith, (ii) enter judgment in conformity with the Final Award, in the form of the [Proposed] Judgment filed herewith, and (iii) award post-Award interest in conformity with the Final Award.

DATED:  May 1, 2018                GREENBERG TRAURIG, LLP


By */s/ Tyler R. Andrews*
Tyler R. Andrews
Colin W. Fraser
Robin Gray
Attorneys for Plaintiffs
BRETT DANIELS and BRETT DANIELS PRODUCTIONS, INC.